```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-14-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL PIPER,

               Petitioner,

    - against -

SUPERINTENDENT JOSEPH T. SMITH,

               Respondent.

ORDER

07 Civ. 9866 (DLC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On April 11, 2000, *Pro Se* Petitioner, Lionel Piper, was convicted of robbery in the second degree (N.Y.P.L § 160.10 [1]), and on May 1, 2000, he was adjudicated a persistent violent felony offender and sentenced to an indeterminate term of twenty five years to life imprisonment. (Aff. in Opp'n to Pet. For Habeas Corpus ("Aff. in Opp'n") at ¶ 7.) The Appellate Division affirmed his conviction on September 20, 2005, *People v. Piper*, 21 A.D.3d 816 (1st Dep't. 2005), and leave to appeal was denied on November 29, 2005, *see People v. Piper*, 5 N.Y.3d 884 (2005). On February 13, 2007, pursuant to NYCPL § 440.10, Piper filed a motion to vacate his judgment of conviction. (Aff. in Opp'n at ¶ 12.) On June 18, 2007, the court rejected Piper's claim (*id.* at ¶ 13), and on October 2, 2007, the Appellate Division denied his application for leave to appeal the denial (*id.* at ¶ 15.) Piper filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 7, 2007. Piper now seeks a stay of his petition in order to eventually add additional claims.

For the reasons that follow, Piper is **ORDERED** to show "good cause" why his habeas petition should be stayed, and to provide further basis to conclude that his claims have merit.

## II. DISCUSSION

In support of the stay, Piper makes two claims: ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that: "(1) [A] stay should not be granted where the unexhausted claim is meritless; (2) 'stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court,' . . . (3) a 'mixed petition should not be stayed indefinitely,' and 'district courts should place reasonable time limits on a petitioner's trip to state court and back,' . . . and (4) 'if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Ramchair v. Conway*, 2005 WL 2786975, 17 (E.D.N.Y. 2005) (*quoting Rhines*, 544 U.S. at 277-78). Although Piper's letter sheds some light on these issues, the Court is still left with insufficient information to grant a stay and abeyance.

Piper argues that his trial attorney failed to inform him of an available plea offer that he would have accepted. He claims that he learned of the state's plea offer only recently when, after his conviction and exhaustion of appeals, he read transcripts from a pretrial hearing that he did not attend. But Piper does not elucidate the circumstances surrounding this late discovery; it is unclear whether the delay resulted from his own failure to timely request or properly investigate documents that were long available to him, or whether it resulted from a situation beyond his control. Therefore, the Court cannot assess whether Piper omitted this claim from the initial petition for good cause. Furthermore, Piper does not provide sufficient detail about his ability to exhaust the claims in state court. It is unclear at this point whether Piper has already begun state

2

court relief related to this issue or whether circumstances have prevented the initiation of a § 440.10 motion. Finally, without more information about the claims Piper plans to bring, the Court cannot determine whether the claim would be "plainly meritless" or determine the amount of time necessary to tailor the stay as the Supreme Court requires. *See Rhines*, 544 U.S. at 277-78.

The same defects compromise Piper's claim of ineffective assistance of appellate counsel. He contends that his appellate counsel failed to argue that his trial counsel was ineffective for not having objected to the introduction of evidence intended to show his propensity for violent and criminal behavior, evidence that Piper claims had been excluded from his first trial and led to a declaration of mistrial at the conclusion of his second. To prevail, Piper must show that counsel's performance was deficient and demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court has insufficient information to determine whether his claim can satisfy either requirement. Furthermore, as above, Piper does not provide sufficient detail about his ability to exhaust the claim in state court or about whether he has already begun state court relief, and he does not provide sufficient detail to enable to Court to determine the amount of time necessary to tailor the stay. Finally, Piper, who explains that he only obtained the trial judge's written order precluding the admission of the controversial evidence in April 2008, does not demonstrate that he had good cause for his failure to procure the ruling in time to exhaust it first in state court.

3

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Piper file by **September 15, 2008,** an explanation of good cause for his failure to raise his claims earlier and to provide further basis to find either meritorious. These actions will be stayed until then or until Piper's explanation is received, whichever is sooner. If his explanation is not received within this time, Piper's application for a stay will be denied.

**SO ORDERED this 14th day of August 2008**
**New York, New York**

*Ronald Ellis* (signature)

The Honorable Ronald L. Ellis
United States Magistrate Judge