UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LIONEL PIPER,<br><br>      Petitioner,<br><br>  - against -<br><br>SUPERINTENDENT JOSEPH T. SMITH,<br><br>      Respondent. | OPINION AND ORDER<br><br>07 Civ. 9866 (DLC) (RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

  Before the Court is an application by *pro se* Petitioner Lionel Piper to stay his Petition for habeas corpus to allow him time to exhaust certain claims in state court which he proposes to add to the current Petition. (*See* Docket No. 26.) For the reasons which follow, the application is **DENIED.**

  On November 7, 2007, Piper filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 2, 2008, he asked for a stay of the case to file an application for error *coram nobis* and a motion pursuant to New York Criminal Procedure Law § 440.10 (hereinafter collectively "collateral petitions") to exhaust ineffective assistance of trial and appellate counsel claims. Piper indicates that "[w]hen those proceedings are exhausted, and in the event relief is denied, I request that Your Honor allow me to supplement the pending habeas corpus petition with the claims that will be raised." (Piper's Letter to the Court, June 2, 2008 at 1.) Upon review of this request, the Court concluded more information was necessary to determine whether a stay was appropriate. Specifically, Piper was ordered to show "good cause" for his failure to raise or exhaust these claims earlier and to provide further basis to determine if the claims have merit.

  On September 10, 2008, Piper responded to the Court's Order and expanded on the

ineffective assistance of counsel claims he would like to pursue as collateral petitions. Piper maintains that he was denied effective assistance of counsel by his pretrial attorney's failure to inform him and advise him about a plea offer that Piper asserts he would have taken had he known about it. (Petitioner's Explanation in Response to the Magistrate Judge's Order ("Piper's Request to Stay"), September 10, 2008 at 4.) He claims that in February 2008 he received the transcript from a proceeding where he was absent and at which his counsel indicated that the prosecution made a plea offer. (*Id.*) Piper asserts that he was never informed by counsel of any potential offer, but, other than a passing reference to several letters he wrote requesting transcripts, fails to indicate why he did not request or review the record sooner. (*See id.*)

Piper argues that it was not until further review of Judge Williams's March 13, 1999 written decision, which he only received in April 2008, that he made the connection between his initial mistrial and evidence that arguably should have been precluded in his retrial.[1] (*Id.* at 1.) He asserts that his trial counsel's failure to object to the subsequent admission of this evidence at his retrial, as well as his appellate counsel's failure to raise this on appeal, constitutes ineffective assistance of counsel. He declares that until he saw the written decision, he only knew that a mistrial was declared and did not know why. A second trial also ended in mistrial, but at his third trial, before a new judge, the evidence was introduced for the first time without objection by his counsel. Piper maintains that if this prejudicial evidence had been excluded the trial result would have been different. (*Id.* at 3.) He raises no new reasons for his failure to request or review the various transcripts of his proceedings until 2008. He does not indicate how many requests he

---

[1] Judge Williams granted Piper's motion for mistrial because the Prosecution presented to the jury videotape evidence which the court had determined would be more prejudicial than probative. (*People v. Lionel Piper*, Indictment No. 2577/97, Decision & Order, Mar. 13, 1999.)

made for the transcripts or when he first began to request transcripts from proceedings in his criminal case.

In his submission, Piper acknowledges that these collateral petitions have not yet been filed in state court because he "did not want to appear presumptuous by filing the motions . . . ." (*Id.* at 5.) Respondent has taken no position in response to Piper's request. (Assistant District Attorney Justin J. Braun's Letter to the Court, Oct. 6, 2008.)

Based on the information provided by Piper, the Court concludes that the ineffective assistance of counsel claims he intends to pursue are not plainly meritless. However, these claims are not currently encompassed within Piper's pending Petition.[2] *Rhines* and its progeny address whether the Court should grant a petitioner a stay for purposes of exhausting claims that are presented in the habeas corpus petition along with claims found to be exhausted: where there is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (identifying the following requirements for granting a stay: 1) unexhausted claims must not be meritless; 2) petitioner had good cause for failing to exhaust claims first in state court; 3) petitioner has not engaged in abusive litigation tactics or intentional delay). Even *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), cited by Piper, contemplates staying a pending habeas only where the petition includes a mix of exhausted and unexhausted claims. *See id.* at 380; *see also Fernandez v. Artuz*, No. 00 Civ. 7601 (KMW) (AJP), 2006 WL 121943, at *3 (S.D.N.Y. Jan. 18, 2006) (discussing the *Rhines* and *Zarvela* decisions). While it remains an open question in this Circuit as to whether *Zarvela* applies to petitions containing only exhausted claims, *see Townes v. Lacy*, 68 Fed. Appx.

---

[2]Based on initial review, Piper's habeas corpus petition asserts four grounds: 1) trial counsel was ineffective for failure to prepare a defense witness; 2) he was deprived of a fair trial as a result of improper remarks made by the Prosecution in summation; 3) his constitutional right to trial by jury was violated through the application of "Persistent Felony Offender" status and the enhanced sentence he received as a result; and 4) the admission of hearsay evidence deprived him of his right to confront.

217, 218 (2d Cir. 2003), the facts in this case provide a further reason to deny the application.

At the time Piper requested this stay, AEDPA's one-year limitation had expired.[3] Thus, to add these ineffective assistance of counsel claims, he would have to show that the proposed claims "relate back" to the claims in the original Petition. *See Mayle v. Felix*, 545 U.S. 644 (2005) (employing Federal Rule of Civil Procedure 15 to consider a motion to amend a habeas corpus petition); *see also Veal v. United States*, Nos. 01 Civ. 8033 (SCR), 97 Cr. 544 (SCR), 04 Civ. 5122 (MBM), 2007 WL 3146925, at * 3 (S.D.N.Y. Oct. 9, 2007). He must show that the new claims arise out of the same "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[,]" FED. R. CIV. P. 15(c)(1)(B), and this showing must be more than merely that the claims arose from the same conviction as those challenged by the original petition. *Mayle*, 545 U.S. at 650. The "relate back" requirement has been narrowly construed. *See, e.g.*, *Torres v. Girdich*, No. 04 Civ. 1512 (GWG), 2006 WL 1230328 (S.D.N.Y. May 9, 2006) (denying motion to amend habeas petition to add new untimely claims, with one exception: granting amendment to add a new claim of ineffective assistance of counsel for failing to request a limiting instruction with respect to the admission of police officers' testimony that is fully addressed in the original complaint); *Veal*, 2007 WL 3146925, at * 5 (denying motion to amend petition to add a new theory of ineffective assistance of counsel because it was "separate in both time and type from the allegations raised in the original petition[]" and thus would not have given the Respondent "fair notice of the newly alleged claims"). Here, Piper admits that the

---

[3]The Honorable Denise L. Cote reviewed Piper's Petition and determined that it was filed within AEDPA's one-year limitations period and "should not be summarily dismissed pursuant to Rule 4 of the Rules governing Section 2254 cases in the United States District Courts . . . ." (Order (DLC), Jan. 8, 2008 (Docket No. 3).) In that Order, she noted that the decision became "final" on February 27, 2006 (*id.* at 1), and on February 13, 2007, Piper filed a motion to vacate pursuant to N.Y. CRIM. PROC. § 440.10, which was denied on June 18, 2007, and leave to appeal was denied on October 2, 2007 (*id.* at 2). Piper's original Petition was mailed with less than one week remaining of his one-year limitation for filing a habeas.

facts underlying his new claims of ineffective assistance of counsel only recently became known to him. Therefore, these facts are not contained in the original Petition and Piper's new claims are not merely new legal theory regarding facts already presented to the Court and Respondent. The Court finds that even if Piper were granted a stay, on these facts, the claims he intends to pursue through collateral petitions would not meet the requirements set forth by *Mayle* and similar cases.

Therefore, Piper's request for a stay is **DENIED** and the current Petition should be considered complete. This does not preclude Piper seeking relief through state collateral petitions.

**IT IS HEREBY ORDERED** that Piper may reply to Respondent's Opposition to his Petition on or before **April 13, 2009.** On that date, Piper's Petition will be considered fully submitted and the Court will proceed with review of the grounds currently presented.

**DATED: March 30, 2009**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

5