```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LIONEL PIPER,                           :
                      Petitioner,       :
                                        :
             -v-                        :    07 Civ. 9866 (DLC)
                                        :
JOSEPH T. SMITH, Superintendent,        :    OPINION AND ORDER
Shawangunk Correctional Facility,       :
                      Respondents.      :
                                        :
----------------------------------------X
```

APPEARANCES:

For Petitioner:

Lionel Piper, pro se
# 00-A-3102
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

For Respondents:

Stanley R. Kaplan
Justin J. Braun
Assistant District Attorneys
Bronx County
198 East 161st Street
Bronx, New York 10451

DENISE COTE, District Judge:

   Lionel Piper brings this timely filed pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction following a jury trial on the charge of robbery in the second degree, N.Y. Penal Law § 160.10(1).  The petition was referred to the Honorable Ronald L. Ellis for a report and recommendation (the "Report") on January 8, 2008.  The Report

was filed on May 24, 2010, and recommends that the petition be denied. On September 8, Piper filed his objections to the Report. For the following reasons, the Report is adopted and the petition is denied.

BACKGROUND

The facts relevant to the petition are set out in the Report and are summarized here. On May 17, 1997, K-Mart security guards Thomas Grant ("Grant") and Johnny Soto ("Soto") observed Piper -- a recently fired employee of K-Mart -- and two other males entering a K-Mart in the Bronx. The two males accompanying Piper placed CD-ROM games in their jackets while Piper stood nearby and acted as a lookout. The guards contacted Tristar Patrol Service and asked for assistance. Tristar employee Nelson Rivera ("Rivera") joined Grant and Soto. Grant, Soto and Rivera followed the three men into the parking lot. When Grant identified himself as a security guard, Grant, Soto and Rivera each saw Piper lift his jacket to reveal the butt of a black handgun in his waistband. Piper and the other two men then got into a car and drove away.

Piper was charged with robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree. Due to prosecutorial misconduct, Piper's first two trials ended in mistrials. At Piper's third trial,

which concluded on April 11, 2000, a jury convicted Piper of the lesser felony offense of robbery in the second degree, N.Y. Penal Law § 160.10(1).  The Bronx County court found Piper to be a persistent violent felony offender and sentenced him to an indeterminate term of twenty-five years to life imprisonment.

During Piper's third trial, the defense called private investigator Kevin Hinkson ("Hinkson") to testify.  A report prepared by Hinkson indicates that over two and a half years after the robbery, he spoke with a K-Mart employee who was allegedly in the parking lot following the robbery, but who had not seen Piper display a gun.  When Hinkson identified himself, the employee refused to speak further.  Hinkson's report does not include the name of the employee that Hinkson interviewed and merely describes him as a "black [male] with a stocky build."  At trial, Hinkson testified that he could not testify "with certainty" that Grant was the employee with whom he had spoken.  The trial judge ruled that Hinkson could not testify regarding the interview, because the defense had failed to establish that Grant was the employee with whom Hinkson had spoken.

Piper appealed his conviction to the Appellate Division, First Department, based on three grounds:  (1) the trial court violated Piper's Sixth Amendment right to confront the witnesses

3

against him by admitting the testimony of prosecution witnesses that they were told by their superior to watch out for Piper whenever he came into the store because he had been fired and he was angry; (2) the cumulative effect of the prosecutor's improper remarks during summation deprived Piper of his right to a fair trial; and, (3) the enhanced sentence based on New York's persistent felony offender statutes violated Piper's constitutional right to a fair trial.  On September 20, 2005, the Appellate Division affirmed Piper's conviction.  People v. Piper, 21 A.D.3d 816 (N.Y. App. Div. 2005).  The New York Court of Appeals denied leave to appeal on November 29, 2005.  People v. Piper, 5 N.Y.3d 884 (2005).

On February 17, 2007, Piper moved pro se pursuant to N.Y.C.P.L. § 440.10 to vacate his conviction on the grounds that he received ineffective assistance of counsel since:  (1) his attorney failed to properly prepare Hinkson to testify; and, (2) his attorney failed to impeach Soto's trial testimony with police reports containing prior inconsistent statements regarding the number of firearms and the getaway cars.  The Bronx County court denied Piper's § 440.10 motion on June 18, 2007.  The Appellate Division denied his application for leave to appeal on October 2, 2007.

Piper filed this pro se petition on November 7, 2007. The petition raises four challenges to Piper's conviction: the three grounds that Piper cited as the basis for his direct appeal to the Appellate Division and the ineffective assistance of counsel claims that Piper made by subsequent § 440.10 motion. The Report concludes that the three bases raised during Piper's appeal to the Appellate Division are procedurally barred and that the claims for ineffective assistance of counsel lack merit. Although Piper contends that he objects to every conclusion in the Report, he only offers specific objections with respect to the Report's treatment of his ineffective assistance of counsel claims.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). De novo review is required before a district court can adopt those portions of a report to which a petitioner has objected. § 636(b)(1).

Not all objections, however, trigger de novo review. "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Kirk v. Burge, No. 07 Civ. 7467(LTS), 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); accord Watkins v. Artus, 08 Civ. 5891(RJH), 2010 WL 5060883, at *1 (S.D.N.Y. Dec. 8, 2010).

The following discussion first reviews, under the clear error standard, the Report's conclusions to which Piper has failed to raise any "specific" objections. Next, Piper's objections to the Report's findings regarding his ineffective assistance of counsel claim are described and rejected under the de novo standard of review.

I.   The Three Procedurally Barred Claims

Piper does not make any specific objections to the Report's conclusion that three of Piper's claims are procedurally barred since Piper failed to preserve them for appellate review. The Report correctly recites the rule for determining when a claim is precluded from habeas review because a petitioner's failure

to comply with state procedural requirements prevents a state court from reaching the merits of the petitioner's federal claim.  When that occurs, the state court's decision rests on an independent and adequate state ground.  Further, the Report accurately applies this rule to the three claims raised by the petitioner that the Appellate Division deemed to be procedurally barred from review on the merits since the petitioner neglected to preserve them in the manner required by New York state law.  The Court perceives no error with regard to the Report's recommendation that these three claims are procedurally barred from federal habeas review and these sections of the Report are adopted.

II.  The Ineffective Assistance of Counsel Claim

    Piper filed several objections with respect to the Report's recommendation that his ineffective assistance of counsel claim be denied.  For the most part, Piper's objections reiterate arguments made in his petition.  Principally, he contends that the Report understates the prejudicial effect of the two missteps he identified:  (1) trial counsel's failure to ensure that Hinkson was prepared to testify that Grant was the K-Mart employee with whom he spoke during his investigation; and, (2) trial counsel's decision not to impeach Soto using prior inconsistent statements regarding the robbery in two police

7

reports. Due to these objections, the Report's findings are reviewed de novo.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat.1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. at § 2254(e)(1). The Report accurately states the governing Strickland analysis for establishing an ineffective assistance of counsel claim, and it is incorporated here. See Strickland v. Washington, 466 U.S. 668 (1984).

Piper has failed to show that his counsel was ineffective or that he was prejudiced by any deficiency in his counsel's performance. First, Piper has not shown that defense counsel

failed in his efforts to prepare Hinkson to testify.  In a leading question, defense counsel encouraged Hinkson to identify Grant as the person he interviewed about the get-away, but Hinkson's report did not include the person's name and Hinkson was not able to testify to the name with confidence.  There is no basis to find in these circumstances that counsel could have done anything to help Hinkson testify to a name, particularly when there is no evidence that Hinkson ever learned the person's name.

Moreover, Piper has not shown any prejudice.  Two other witnesses besides Grant saw Piper display a gun, and Hinkson's lack of certainty that it was Grant with whom he spoke over two years after the robbery would have reduced the impact of any testimony that Hinkson might have been able to give.

Similarly, Piper has not shown that trial counsel failed to represent him adequately when counsel opted to forgo impeaching Soto using statements in police reports which appeared to contradict some of Soto's trial testimony.  Both police reports indicated that Soto had seen the robbers with firearms.  One of the reports identified the robbers fleeing in one car; the other reported that they fled in two cars.  Counsel's decision not to explore Soto's statements to police, as reflected in these reports, was entirely reasonable.  As a general matter,

attorneys are afforded great discretion when making strategic choices such as "whether to engage in cross-examination, and if so to what extent and in what manner." Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002) (citation omitted). The statements in the reports both reflect that the robbers used firearms to threaten the security guards. Any marginal advantage to be gained from pointing out inconsistencies between the two reports would have been substantially outweighed by the prejudice engendered by their description of the weapons.

CONCLUSION

The petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Piper has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         January 13, 2011

                                    _____
                                         DENISE COTE
                                    United States District Judge

10

COPIES SENT TO:

Lionel Piper
#00-A-3102
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

Justin J. Braun
Assistant District Attorney
Bronx County
198 East 161st Street
Bronx, NY 10451

Magistrate Judge Ellis